## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEENAN ALLEN** *Plaintiff*, | **CIVIL ACTION NO.** |
| v. | **SECTION: " "** |
| **WEEKS MARINE, INC.** *Defendants.* | **JUDGE:** |
| | **MAGISTRATE JUDGE:** |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, KEENAN ALLEN (hereinafter sometimes referred to as "Plaintiff"), a person of the full age of majority and resident of Terrebonne Parish, Louisiana, who files this Complaint for Damages and in support thereof respectfully avers as follows:

1.

Made Defendant herein is Weeks Marine, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Court, and which, at all times pertinent, was the owner and operator of the DREDGE C.R. MCCASKILL (hereinafter "the DREDGE") and an unnamed open hopper barge (hereinafter "the BARGE"), afloat on the navigable waters of this District.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. 1333, and is being brought pursuant to 33 U.S.C. §905(b) of the Longshore & Harbor Workers'

Compensation Act, Louisiana law and also pursuant to the general maritime law for negligence, as the incident described herein occurred within the waters of this district.

3.

On or about December 9, 2024, Plaintiff was employed by Weeks Marine, Inc. as a longshoreman as defined in 33 U.S.C. §902(3).

4.

At all times relevant hereto, Defendant owned, operated, managed, controlled, maintained and/or chartered the DREDGE and the BARGE made up alongside the DREDGE and was directing, supervising, overseeing and monitoring, and/or was otherwise in charge of, operations onboard the vessels, both of which were upon the navigable waters of the United States within this District.

5.

On or about December 9, 2024, while working on board the DREDGE and the BARGE, Plaintiff was instructed to perform work in the bottom of the BARGE. At the time, both the DREDGE and the BARGE lacked safe means of ingress and egress. Plaintiff was ordered by his supervisor to board the BARGE anyway, and in doing so, Plaintiff fell, at least six feet, from the DREDGE to the bottom of the BARGE.

6.

Plaintiff sustained severe, permanent and disabling injuries as a result of the accident.

7.

Plaintiff , at all times pertinent, was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform and using reasonable care in performing his duties. Plaintiff sustained severe, permanent and disabling injuries as a result of the accident.

8.

The accident was caused by no fault of the Plaintiff, who conducted himself in a reasonable and prudent manner at all times, and was caused solely by the negligence of the Defendant as more fully set forth herein.

9.

At all times material hereto, Defendant had a duty to act with reasonable care for the safety and well-being of the Plaintiff.

10.

At all times material hereto, Defendant, as the owner of the DREDGE and the BARGE, owed Plaintiff a non-delegable duty to provide seaworthy vessels, reasonably ft for their intended purposes, with safe means of ingress and egress and to otherwise exercise reasonable care for the safety of Plaintiff.

11.

The failure of Defendant to provide Plaintiff with a safe place to work and a seaworthy vessel and to otherwise exercise reasonable care under the circumstances constitutes a breach of the aforesaid warranties and duties and was a proximate cause of Plaintiff's accident and his resulting injuries. These acts of negligence also render the Defendant liable to the plaintiff pursuant to 33 U.S.C. §905(b) of the Longshore & Harbor Workers' Compensation Act, 46 USC §30103, Louisiana law and also pursuant to the general maritime law for negligence.

12.

Plaintiff was in no manner negligent. The above-described accident that occurred on or about December 9, 2024, was caused by the negligence and fault of Defendant, its agents, servants, employees, or others for whom they are legally responsible, in the following non-exclusive respects:

a. Failing to provide plaintiff a reasonably safe place to work;

b. Failing to provide safe equipment aboard its vessels;

c. Failing to provide proper equipment and safety equipment aboard its vessels;

d. Failing to properly secure equipment and appurtenances on the vessels;

e. Allowing unsafe work practices;

f. Failing to stop work in unreasonably dangerous conditions;

g. Failing to maintain the equipment of its vessels in a safe condition;

h. Negligently allowing a seriously dangerous condition to exist aboard the vessels;

i. Failing to provide notice of a known unsafe condition and/or to take other appropriate safety measures;

j. Failing to properly man its vessels with a competent and adequate crew;

k. Negligent operation;

l. Negligent hiring of Plaintiff's supervisor and failure to train Plaintiff's supervisor and

m. Other acts of negligence and/or omissions which may be shown at trial of this matter.

13.

Plaintiff's injuries were caused by Defendant's breach of breach of its absolute duty to provide a seaworthy vessel. At all times pertinent, the DREDGE and the BARGE were unseaworthy in one or more of the following respects:

a. The vessels and all of their equipment and appurtenances were not reasonably fit for its intended purpose;

b. The vessels and all of their equipment and appurtenances were not safe for the performance of the operations in question;

c. The vessels lacked safe means of ingress and egress;

d. The vessels and their equipment were inadequately maintained; and

e. Other unseaworthy conditions to be determined at the time of trial.

14.

As a result of the incident described herein, Plaintiff has incurred the following non-exclusive damages:

a. Past and future loss of wages and work benefits;

b. Impairment of future earning capacity;

c. Past and future physical pain and suffering;

d. Past and future mental and emotional pain and suffering;

e. Past and future medical expenses;

f. Loss of enjoyment of life; and

g. Other elements of damages to be shown at the trial of this matter.

## JURY DEMAND

Plaintiff is entitled to and demands a trial by jury on all issues related herein.

**WHEREFORE**, Plaintiff, KEENAN ALLEN, prays that there be judgment in his favor and against Defendant, WEEKS MARINE, INC., in an amount sufficient to compensate him for the damages described above, for compensatory damages, for legal interest from date of injury, for attorneys' fees, all costs of this action, including expert expenses, punitive damages if applicable, and for all other general and equitable relief to which he is entitled and this Court deems appropriate.

Respectfully submitted:

**THE CHOPIN LAW FIRM LLC**

*/s/ Jacques P. DeGruy*
**JACQUES P. DEGRUY, T.A. (La. 29144)**
**ADAM P. SANDERSON (La. 31312)**
**JOHN C. WEGMANN (La. 38437)**
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone:    Jacques Direct:504-399-9907
                      Adam Direct:  504-517-1675
                      John Direct:    504-370-2061
Facsimile:     504-324-0640
E-mail:          Jacques@Chopin.com
                      Adam@Chopin.com
                      John@Chopin.com
1313 Service:  Service@Chopin.com
***Attorneys for Plaintiff, Keenan Allen***